UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IROQUOIS GROUP, INC.,

        Plaintiff,

v.

IROQUOIS CAPITAL GROUP, INC., and
IROQUOIS CAPTIVE SERVICES, LLC,

        Defendants.

**COMPLAINT**

Civ. No. _____

Plaintiff, Iroquois Group, Inc. ("Iroquois Group"), by and through its attorneys, for its Complaint against defendants Iroquois Capital Group, Inc. ("ICG") and Iroquois Captive Services, LLC ("ICS"), alleges:

## PARTIES

1. Iroquois Group is a New York corporation with its principal place of business at 35 West Main Street, Allegany, New York.

2. Upon information and belief, ICG is a Delaware corporation with its principal place of business at 401 Commerce Street, Suite 740, Nashville, Tennessee.

3. Upon information and belief, ICS is a Delaware limited liability company with its principal place of business at 401Commerce Street, Suite 740, Nashville, Tennessee.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1338(a) (original jurisdiction over civil actions arising under the trademark act) and 28 U.S.C. §1331 (federal question).

5. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. §1391 because defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. The Court has personal jurisdiction over the defendants because the defendants reside in this district and state, because a substantial part of the events or omissions giving rise to the claim occurred within this district and state, and defendants are subject to service in this district.

**BACKGROUND AND FACTS**

7. Iroquois Group owns U.S. Trademark Registration 2,812,481 for the word mark IROQUOIS in International Class 36 for "insurance agencies and brokerage in the field of home, business, and life insurance," with a first use in commerce date of 1977. The registration was issued on February 10, 2004, and is valid, subsisting, and incontestable. 15 U.S.C. §1065. A copy of the registration information for the IROQUOIS mark from the U.S.P.T.O. TESS website is attached as **Exhibit A**.

8. Iroquois Group owns U.S. Trademark Registration 2,761,613 for the mark THE IROQUOIS GROUP in International Class 36 for "insurance agencies and brokerage in the field of home, business, and life insurance," with a first use in commerce date of 1977. The registration was issued on September 9, 2003, and is valid, subsisting, and incontestable. 15 U.S.C. §1065. A copy of the registration information for THE IROQUOIS GROUP mark from the U.S.P.T.O. TESS website is attached as **Exhibit B**.

9. Plaintiff's IROQUOIS and THE IROQUOIS GROUP marks are collectively referred to as the Marks.

{01361337.1 }

10. Since 1977, Iroquois Group has invested substantial resources to develop, grow, and promote its Marks and the business associated with them. As a direct result of this investment and the long–standing and continuous use of the Marks, the Marks have become widely known and recognized as strong and distinctive indicators of the source of Iroquois Group's services. The Marks have acquired secondary meaning.

11. Beginning in 2013, defendants began to use the marks IROQUOIS and IROQUOIS CAPTIVE SERVICES, the trade name Iroquois Captive Services, LLC, and the domain name iroquoiscaptiveservices.com in connection with providing consulting, advisory, and management services in the field of insurance and risk management.

12. On August 28, 2014, ICG applied to the U.S.P.T.O. to register IROQUOIS as a word mark and a design mark in International Class 36 for "insurance agency and brokerage services." Both applications were "intent–to–use" applications. Copies of the application information from the U.S.P.T.O. TESS website is attached as **Exhibit C**.

13. On January 14, 2015, the U.S.P.T.O. issued Office Actions in response to ICG's two applications, refusing registration "because of a likelihood of confusion with the marks in U.S. Registration Nos. 2761613 and 2812481." The two registrations referred to in the Office Actions were Iroquois Group's registrations of IROQUOIS and THE IROQUOIS GROUP. Copies of the Office Actions are attached as **Exhibit D**.

14. On February 1, 2015, ICG, through its attorney, expressly abandoned ICG's applications to register IROQUOIS in International Class 36.

15. Despite its knowledge of Iroquois Group's federal registrations of the IROQUOIS and THE IROQUOIS GROUP marks, ICG and ICS used and continued to use in

commerce IROQUOIS and IROQUOIS CAPTIVE SERVICES as trademarks, service marks, a trade name, and a domain name in the insurance industry:

 (a) ICG and ICS used IROQUOIS and IROQUOIS CAPTIVE SERVICES as marks in advertising materials for insurance–related services, including at the following website addresses ("Websites"):

  (i) http://www.iroquoiscaptiveservices.com;

  (ii) http://iroquois.com/merchant-banking/; and

  (iii) http://iroquoiscg.com/merchant-banking/transactions/icg-acquires-ics.

 (b) Defendants own and control a domain name, iroquoiscaptiveservices.com, that includes plaintiff's IROQUOIS mark as the dominant portion of the domain name. That domain name was obtained on October 11, 2013, decades after plaintiff registered its Marks and used them in commerce. The domain address directs internet users to a website for Iroquois Captive Services, LLC, where defendants advertise and promote that company's insurance–related business using the IROQUOIS and IROQUOIS CAPTIVE SERVICES marks.

 (c) Defendant ICG's business name, Iroquois Captive Services, LLC, includes plaintiff's IROQUOIS mark. That business name was obtained on June 20, 2013, decades after plaintiff registered its Marks and began using them in commerce.

### FIRST CAUSE OF ACTION
### (Trademark Infringement: 15 U.S.C. §1114)

16. Iroquois Group repeats and realleges paragraphs 1 through 15 and incorporates them herein.

17. Iroquois Group owns the Marks. See **Exhibits A and B**.

18. ICG and ICS have used Iroquois Group's IROQUOIS word mark, without Iroquois Group's consent, since 2013 for insurance–related services, which are identical and/or related to the services that Iroquois Group provides under the Marks.

{01361337.1 }

19. Defendants' use of the IROQUOIS mark for insurance–related services is likely to cause confusion or mistake or to deceive others as to the source of ICS's services.

20. Defendants' actions constitute trademark infringement under 15 U.S.C. §1114 and have caused Iroquois Group to sustain damages in an amount to be determined at trial.

21. Moreover, defendants have willfully and intentionally infringed Iroquois Group's trademark rights by their continued use of IROQUOIS and IROQUOIS CAPTIVE SERVICES as trademarks within the insurance industry despite their knowledge of Iroquois Group's prior use and registration of the Marks and the likelihood of confusion caused by their use of IROQUOIS and IROQUOIS CAPTIVE SERVICES as a trade name of a company providing insurance–related services (i.e. Iroquois Captive Services, LLC) as the dominant portion of a domain name (i.e. iroquoiscaptiveservices.com), and as trademarks in connection with insurance–related services.

22. Pursuant to 15 U.S.C. §1117, Iroquois Group is entitled to treble damages, as well as the recovery of defendants' profits, the costs of this action, reasonable attorneys' fees, and a preliminary and permanent injunction restraining defendants from

    (a)    offering insurance–related services under the IROQUOIS and IROQUOIS CAPTIVE SERVICES marks;

    (b)    continuing to use the iroquoiscaptiveservices.com domain name; and

    (c)    continuing to operate an insurance–related business under the Iroquois Captive Services, LLC trade name.

## SECOND CAUSE OF ACTION
## (False Designation of Origin: 15 U.S.C. §1125(a))

23. Iroquois Group repeats and realleges paragraphs 1 through 15 and incorporates them herein.

24. Iroquois Group has used the Marks in commerce for insurance–related services since at least 1977.

25. Iroquois Group's federal registrations for the Marks are incontestable.

26. Defendants have used the IROQUOIS and IROQUOIS CAPTIVE SERVICES marks, without Iroquois Group's consent, in connection with various consulting, advisory, and management services in the fields of insurance and risk management since 2013. Those services are identical and/or related to the services that Iroquois Group provides under the Marks.

27. Defendants' use of the IROQUOIS and IROQUOIS CAPTIVE SERVICES marks is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association between defendants and Iroquois Group, or as to the origin, sponsorship, or approval of defendants' services in violation of 15 U.S.C. §1125(a).

28. By reason of the foregoing, Iroquois Group has been damaged in an amount to be determined at trial.

29. Pursuant to 15 U.S.C. §1117, Iroquois Group is entitled to treble damages, as wells as the recovery of defendants' profits, the costs of this action, reasonable attorneys' fees, and a preliminary and permanent injunction restraining defendants from

  (a) providing insurance–related services under the IROQUOIS and/or IROQUOIS CAPTIVE SERVICES marks;

{01361337.1 }

    (b)        continuing to use the iroquoiscaptiveservices.com domain name; and

    (c)        continuing to operate an insurance–related business under the Iroquois Captive Services, LLC trade name.

WHEREFORE, plaintiff Iroquois Group demands judgment as follows:

    (a)        A preliminary and permanent injunction restraining defendants from

            (i)        promoting or selling insurance–related services in connection with the IROQUOIS or IROQUOIS CAPTIVE SERVICES marks or any mark confusingly similar to the Marks;

            (ii)       continuing to use the iroquoiscaptiveservices.com domain name; and

            (iii)      continuing to operate an insurance–related business under the Iroquois Captive Services, LLC trade name.

    (b)        An accounting of defendants' sales of insurance–related services bearing the infringing marks and earnings and profits resulting therefrom;

    (c)        A constructive trust for Iroquois Group's benefit of all revenues, earnings, and profits received by defendants from sales of insurance–related services bearing the Marks or any mark confusingly similar to the Marks.

    (d)        An award of compensatory damages in an amount to be determined at trial;

    (e)        An award of treble damages pursuant to 15 U.S.C. §1117, the amount to be determined at trial;

    (f)        An award of defendants' profits, pursuant to 15 U.S.C. §1117;

    (g)        An award of costs and attorneys' fees pursuant to 15 U.S.C. §1117; and

    (h)        Such other and further relief as the Court deems just and proper.

# JURY DEMAND

A trial by jury is demanded.

March 21, 2016

*Attorneys for Iroquois Group, Inc.*

By:    s/Paul I. Perlman
       Paul I. Perlman
       (*pro hac vice admission pending*)
**HODGSON RUSS LLP**
140 Pearl Street, Suite 100
Buffalo, New York 14202–4040
Telephone: (716) 848–1479
Facsimile: (716) 819–4616
Email: *pperlman@hodgsonruss.com*

*/s/ Stephen J. Zralek*
Stephen J. Zralek, BPR No. 18971
**BONE MCALLESTER NORTON PLLC**
511 Union Street, Suite 1600
Nashville, Tennessee 37219
Telephone: (615) 238–6305
Facsimile: (615) 687–2763
Email: *szralek@bonelaw.com*